**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1727**

MICHAEL WAYNE BRISCOE,

   Plaintiff - Appellant,

  v.

W.A. CHESTER, LLC, a Delaware Limited Liability Company,

   Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:17-cv-01675-GJH)

Submitted:  March 10, 2020       Decided:  March 24, 2020

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charity Chidinma Emeronye Swift, Stephen Christopher Swift, SWIFT & SWIFT, ATTORNEYS AT LAW, P.L.L.C., Alexandria, Virginia, for Appellant.  Susanne Harris Carnell, Christine M. Burke, LORENGER & CARNELL PLC, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Wayne Briscoe sued his employer, W.A. Chester, LLC, under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17 (2018), as well as 42 U.S.C. § 1981 (2018), and Md. Code Ann. State Gov't §§ 20-601 to 20-611 (2014 & Supp. 2019), alleging race discrimination. Briscoe appeals the district court's orders dismissing his § 1981 failure to promote claims as untimely, granting Chester's motion for summary judgment on Briscoe's Title VII and § 1981 claims arising out of his demotion, and denying his motion to amend his complaint to add claims alleging a hostile work environment. Finding no error, we affirm.

The district court dismissed Briscoe's § 1981 claim for failure to promote as barred by the applicable four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004); *see also* 28 U.S.C. § 1658(a) (2018). "We review de novo the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6)," and must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). Because a Rule 12(b)(6) motion tests the sufficiency of the complaint, such a motion is generally not an appropriate mechanism to adjudicate the merits of an affirmative defense such as the expiration of the statute of limitations. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* For this exception to apply, the relevant facts must clearly appear on the face of the

2

complaint. *Id.* Having reviewed the complaint and attached documents, we agree with the district court that Briscoe's § 1981 claim for failure to promote is barred by the four-year statute of limitations.

Briscoe next contends that the district court erred in granting summary judgment for Chester on Briscoe's Title VII and § 1981 claims that arose out of his demotion. "We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

"Title VII forbids . . . employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin." *Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018) (citations omitted). Section 1981 prohibits racial discrimination in the making and enforcement of contracts, and the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) burden-shifting framework applies to employment discrimination claims brought under both Title VII and § 1981. *Guessous v. Fairview Prop. Investments, LLC*, 828 F.3d 208, 216 (4th Cir. 2016).

3

To establish a prima facie claim of discriminatory discipline, a plaintiff must show: (1) that he is a member of a protected group; (2) that the prohibited conduct in which he engaged was comparable in seriousness to the misconduct of employees outside of the protected group; and (3) that the disciplinary measures enforced against him were more severe than those enforced against other employees. *See Lightner v. City of Wilmington*, 545 F.3d 260, 264-65 (4th Cir. 2008). If the plaintiff establishes a prima facie case of discrimination, then the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory justification for its action. *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019). If the employer satisfies this burden, then the plaintiff must prove by a preponderance of the evidence that the employer's purportedly neutral reasons were a pretext for discrimination. *Id.* We have thoroughly reviewed the record and conclude that the district court properly granted summary judgment in favor of Chester.

Finally, Briscoe argues that the district court should have permitted him to amend his complaint to add claims alleging a hostile work environment under Title VII and § 1981. We ordinarily review a district court's denial of a motion to amend the complaint for abuse of discretion; however, we review de novo a district court's legal conclusions in denying leave to amend on the ground that the proposed amendment would be futile. *Save Our Sound OBX, Inc. v. N.C. Dep't of Trans.*, 914 F.3d 213, 227 (4th Cir. 2019). When assessing whether a proposed amendment would be futile, courts apply the same standard applicable to a Rule 12(b)(6) motion for failure to state a claim. *U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014).

4

The elements of a hostile work environment claim are the same under either § 1981 or Title VII. To prevail on a hostile work environment claim, a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's [protected characteristic]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.

*Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 221 (4th Cir. 2016) (citation and internal quotation marks omitted). Having reviewed Briscoe's proposed amended complaint, we agree with the district court that Briscoe's hostile work environment claims would have been futile. Thus, the district court did not err in denying Briscoe's motion to amend the complaint.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*